IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Paul Yazdani, | * |
| | * Civ. No. FS 02-CV-1418 |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| | * |
| Pan-American Life | * |
| Insurance Company, | * |
| | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CONFIDENTIALITY ORDER

The parties to these actions desire to protect the confidentiality of certain documents, testimony and other information furnished in the course of such actions. Accordingly,

IT IS HEREBY ORDERED as follows:

A.  **Confidential Information**

1.  "Confidential Information," as used in this Order, means any type or classification of information that is designated in good faith as confidential by the party or nonparty witness supplying the information (together "the supplying party"), whether it be a document, information contained in a document, information provided during a deposition or in any interrogatory answer, or otherwise disclosed in discovery. Confidential Information shall also mean all documents that reveal or disclose information contained in documents designated as confidential, including, without limitation, deposition transcripts, interrogatory answers and responses to requests for admissions so designated in accordance with Paragraphs 3 and 4 of this Order, extracts or summaries of confidential documents, or other papers prepared in connection

with these actions. In designating information as confidential, the supplying party will make such designation only as to that information that the supplying party in good faith believes constitutes or contains: (a) a trade secret or other confidential or proprietary research, development, or commercial information; or (b) non-public information of a personal or private nature.

2. Documents shall be designated confidential by marking or stamping each page of any such document "Confidential." In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given. Additional portions of the testimony may be designated confidential not later than thirty (30) days after receipt of the transcript by the person making the designation. Until the thirty-day period has expired, the entire transcript shall be treated as constituting Confidential Information. In addition, where a document designated as containing Confidential Information is introduced as an exhibit at a deposition, the following parts of the deposition transcript shall be considered confidential and subject to the provisions of this Order: all pages where (a) the document is shown to the deponent, or (b) questions based on the document are put to, or answers based on the document are given by, the deponent, or (c) the document is otherwise discussed on the transcript record.

4. If a party seeks to designate confidential any interrogatory answers or response to a request for admission, the party shall indicate clearly that the answer or response constitutes Confidential Information. Schedules, appendices and attachments to, or documents otherwise

provided with, interrogatory answers designated confidential may also be designated confidential using the procedure in Paragraph 2 applicable to documents.

5. Any documents, testimony or interrogatory answers not designated as Confidential Information in accordance with the procedures set forth above shall not be covered by this Order.

### B. Confidential Information

6. Except as otherwise provided in this or subsequent Court Orders, Confidential Information shall not be disclosed or shown to anyone other than:

(a) The parties and the employees of such parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of these actions; and

(b) Outside counsel for the parties and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of these actions; and

(c) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of these actions; and

(d) Persons retained by any party or its attorneys solely for the purpose of assisting in the preparation of these actions for trial, including but not limited to experts, staff and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation; and

(e) The Court or persons employed by the Court; and

(f)     Persons who were the authors or recipients of the documents in the ordinary course of business; and

(g)     Any person who may testify as a witness either at a deposition or court proceeding in these actions, both in preparation and during the witness's testimony; and

(h)     Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the supplying party after written notice to all parties and an opportunity to object is given.

7.     Notwithstanding anything to the contrary in Paragraph 6 above, and regardless of whether such document or information has been designated as Confidential Information, any party may use without restriction:

(a)     its own documents or information;

(b)     documents or information concerning or reflecting transactions or communications to which it was a party, except where such transactions or communications are memorialized in a document prepared by the supplying party that was not provided or otherwise disclosed, prior to production in a litigation, to the party seeking to use it; and

(c)     documents or information developed or obtained independently of discovery in these or related actions or proceedings.

8.     Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Order, and may not be disclosed other than as authorized by this Order. Prior to disclosure of any Confidential Information to the persons identified in Paragraphs 6(d), 6(g) and 6(h), each such person shall first: (a) read this Order; and (b) sign a copy of the Confidentiality Agreement, annexed as

Exhibit A. The preceding sentence of this paragraph shall not apply where disclosure is sought to be made to a person identified in Paragraph 6(g) and that person also is within either of the groups of persons identified in Paragraphs 6(a) or 6(c). The executed Confidentiality Agreements shall be retained by the attorneys of record for each party obtaining them, who shall retain all such agreements until further order of the Court.

9. If counsel for any party seeks to file with, or submit to, the Court any Confidential Information or papers containing or referencing such information, such documents shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of submissions to the Court shall be filed under seal. All documents that are filed with the Court that are protected documents or that contain Confidential Information shall be filed in a sealed envelope or other appropriate sealed container that is plainly and conspicuously marked with (a) the title and case number of this action; (b) an indication of the nature of the contents of such sealed envelope or other contained (e.g., "Confidential Deposition Testimony"); (c) the phrase "CONFIDENTIAL--FILED UNDER SEAL;" and (d) a statement substantially in the following form:

> This envelope is sealed and contains Confidential Information filed in this case by [name of filing party] and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

Whenever materials subject to this Order or any pleading, motion, or memorandum referring to them are proposed to be filed in the Court record under seal, the party making the filing must simultaneously submit a motion and accompanying order pursuant to Local Rule 105.11.

10. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. If any party to this action objects, at any stage of the proceedings, to the designation of a document or testimony as confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court for appropriate relief. If an application to the Court is made, the document, testimony or interrogatory answer shall continue to be treated as confidential until the Court enters an order determining otherwise.

11. The inadvertent production or disclosure during discovery of an attorney-client privileged, work product, confidential or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the supplying party. Upon notice by the supplying party that Protected Material was inadvertently produced or disclosed, all recipients of the Protected Material shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any other person until the matter of its inadvertent production or disclosure is resolved either amicably by the parties, or by Order of the Court.

12. Within thirty (30) days after the settlement of final adjudication, including appeals, of the action or actions in which the documents have been produced, counsel for each of the parties shall certify that all Confidential Information supplied by the parties and non-parties and all copies thereof shall have been destroyed by the party receiving such Confidential Information; provided, however, that:

   (a) Each party may retain a complete file of all court papers served or filed with the Court in these actions;

(b)   The attorneys for the party receiving the Confidential Information may retain materials which, in their judgment, constitute or are part of their work product; and

(c)   All Confidential Information not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Order.

13.   This Order shall not be construed as a waiver by any party of: (a) any objection to discovery on grounds other than the confidentiality of discovery sought; or (b) any privilege recognized by law.

14.   Nothing in this Order shall prohibit disclosure of Confidential Information produced by or obtained from any party in these actions in response to compulsory process or the process of any government regulatory agency. If any party is served with such process, that party shall give the supplying party notice of such process in writing as soon as possible, and shall take all reasonable steps to refrain from responding to such process until after the supplying party so notified has had a reasonable opportunity to take steps to ensure the continued confidentiality of the requested materials.

15.   The Clerk of Court will return to the respective partiy any sealed materials at the conclusion of this action that the party possessed.

16.   The terms of this Order shall survive the entry of judgment in these actions, and shall continue until released in writing by the supplying party.

IT IS SO ORDERED.

Dated: 09/19/02

FREDERIC SMALKIN
CHIEF UNITED STATES DISTRICT JUDGE

The Undersigned Consent to Entry of this Order:

**BERNSTEIN & SARELLARIS**
1622 World Trade Center
410 East Pratt St.
Baltimore, Maryland 21202

By: _____
    Charles Bernstein, Fed. Bar. No. 00710
    *Attorney for Plaintiff*

**JORDEN BURT LLP**
1025 Thomas Jefferson Street
Suite 400 East
Washington, DC  20007

By: _____
    Waldemar J. Pflepsen, Jr., Fed. Bar No. 2652
    David White, Fed. Bar. No. 26196
    *Attorneys for Defendant*

#96340

**EXHIBIT A**

### Confidentiality Agreement Pursuant to the Confidentiality Order
### In <u>Yazdani v. Pan-American Life Insurance Co.</u>, FS 02-CIV-1418 (the "Action")

I, _____, declare as follows:

1. I understand that I am to be given access to documents and/or information designated as "Confidential Information" pursuant to the Confidentiality Order in the Action. I have read the Confidentiality Order, understand its terms, and agree to be bound by them.

2. For the purposes of securing my compliance with the Confidentiality Order, I hereby consent to: (a) the exercise of jurisdiction over me by the Court hearing the Action; and (b) the service of any papers to secure my compliance with, or to otherwise enforce, the Confidentiality Order by any form of mail or delivery requiring a signed receipt. The foregoing consents to jurisdiction and service are intended to permit exercise of jurisdiction in addition to, and not in lieu of, that exercised by any court of competent jurisdiction.

3. My address for purposes of serving or delivering any papers relating to this Confidentiality Agreement or to the Confidentiality Order is _____.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____, 2002 at

_____.

_____